1   KEVIN P. ALLEN, State Bar No. 252290
    kallen@aghwlaw.com
2   MARIA NOZZOLINO, State Bar No. 302368
    mnozzolino@aghwlaw.com
3   ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
    180 Montgomery Street, Suite 1200
4   San Francisco, CA  94104
    Telephone:     (415) 697-2000
5   Facsimile:     (415) 813-2045

6   Attorneys for Defendant
    SANTA CRUZ COUNTY ANIMAL SHELTER,
7   MELANIE SOBEL, TODD STOSUY and CARLOS
    MONTES

8

9                   UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11

12  ARIANA HUEMER,                    Case No. 5:21-cv-07372 SVK

                  Plaintiff,          **DEFENDANTS' ANSWER TO SECOND**
13                                    **AMENDED COMPLAINT; DEMAND FOR**
                                      **JURY TRIAL**
14          v.

    SANTA CRUZ COUNTY ANIMAL          Hon. Magistrate Judge Susan van Kuelan
15  SHELTER, a California corporation;
    MELANIE SOBEL, TODD STOSUY,
16  and CARLOS MONTES, each in their
    individual capacity,
17
                  Defendants.
18

19

20

21

22

23

24

25

26

27

28

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

ANSWER TO SAC
5:21-CV-07372

545870.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

1   Comes now Defendants SANTA CRUZ COUNTY ANIMAL SHELTER, MELANIE

2   SOBEL, TODD STOSUY and CARLOS MONTES ("Defendants"), and in answer to the Second

3   Amended Complaint on file herein, admits and alleges as follows:

4   **I.    JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT**

5       1.    In answer to Paragraph 1, admit.

6       2.    In answer to Paragraph 2, beginning with "Intradistrict Assignment …" and ending

7   with "agency Defendant is an entity serving the County of Santa Cruz," admit. In answer to all

8   remaining allegations of Paragraph 2 of the second amended complaint, these Defendants have

9   insufficient information or belief to enable them to answer said allegations, and for that reason

10  and basing their denial on that ground, deny both generally and specifically, each and every, all

11  and singular, the allegations contained therein.

12      3.    In answer to Paragraph 3, admit.

13  **II.   PARTIES**

14      4.    In answer to Paragraph 4, Defendants admit Ms. Huemer is a natural person. In

15  answer to the remaining allegations in Paragraph 4 of the second amended complaint, these

16  Defendants have insufficient information or belief to enable them to answer said allegations, and

17  for that reason and basing their denial on that ground, deny both generally and specifically, each

18  and every, all and singular, the allegations contained therein.

19      5.    In answer to Paragraph 5, these Defendants have insufficient information or belief

20  to enable them to answer said allegations, and for that reason and basing their denial on that

21  ground, deny both generally and specifically, each and every, all and singular, the allegations

22  contained therein.

23      6.    In answer to Paragraph 6, beginning and ending with "Defendant Santa Cruz

24  County Animal Shelter ("County Agency") is, according to its website, "a non-profit Joint

25  Powers Authority (EIN 90-0039494)" organized and existing under the laws of the State of

26  California. Its principal place of business is 1001 Rodriguez St., Santa Cruz, 95062," admit.

27      In answer to all remaining allegations of Paragraph 6 of the second amended complaint,

28  these Defendants have insufficient information or belief to enable them to answer said

ANSWER TO SAC
5:21-CV-07372

545870.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

1   allegations, and for that reason and basing their denial on that ground, deny both generally and

2   specifically, each and every, all and singular, the allegations contained therein.

3        7.    In answer to Paragraph 7, Defendants admit that Defendant Melanie Sobel is sued

4   in her individual capacity. In answer to all remaining allegations of Paragraph 7 of the second

5   amended complaint, these Defendants have insufficient information or belief to enable them to

6   answer said allegations, and for that reason and basing their denial on that ground, deny both

7   generally and specifically, each and every, all and singular, the allegations contained therein.

8        8.    In answer to Paragraph 8, Defendants admit Defendant Todd Stosuy is: sued in his

9   individual capacity, Field Services Manager with the Santa Cruz County Animal Shelter, and a

10  supervisor of Carlos Montes. In answer to all remaining allegations of Paragraph 8 of the second

11  amended complaint, these Defendants have insufficient information or belief to enable them to

12  answer said allegations, and for that reason and basing their denial on that ground, deny both

13  generally and specifically, each and every, all and singular, the allegations contained therein.

14       9.    In answer to Paragraph 9, Defendants admit Defendant Carlos Montes is sued in

15  his individual capacity and is an Animal Control Officer II with the Santa Cruz County Animal

16  Shelter. In answer to all remaining allegations of Paragraph 9 of the second amended complaint,

17  these Defendants have insufficient information or belief to enable them to answer said

18  allegations, and for that reason and basing their denial on that ground, deny both generally and

19  specifically, each and every, all and singular, the allegations contained therein.

20       10.    In answer to Paragraph 10, these Defendants have insufficient information or

21  belief to enable them to answer said allegations, and for that reason and basing their denial on that

22  ground, deny both generally and specifically, each and every, all and singular, the allegations

23  contained therein.

24       11.    In answer to Paragraph 11, these Defendants have insufficient information or

25  belief to enable them to answer said allegations, and for that reason and basing their denial on that

26  ground, deny both generally and specifically, each and every, all and singular, the allegations

27  contained therein.

28       12.    Paragraph 12 of the Second Amended Complaint puts forth no allegations against

these Defendants, therefore no response is required. To the extent a response is required, Defendants respond as follows: these Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

13.     In answer to Paragraph 13, admit with respect to SANTA CRUZ COUNTY ANIMAL SHELTER, TODD STOSUY, and CARLOS MONTES. In answer to Paragraph 13, with respect to MELANIE SOBEL, these Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

## III.    **INTRODUCTION**

14.     Paragraph 14 is an introductory paragraph, to which no response is required. To the extent a response is required, Defendants respond as follows: these Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

15.     Paragraph 15 is an introductory paragraph, to which no response is required. To the extent a response is required, Defendants respond as follows: these Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

16.     Paragraph 16 is an introductory paragraph, to which no response is required. To the extent a response is required, Defendants respond as follows: deny.

17.     Paragraph 17 is an introductory paragraph, to which no response is required. To the extent a response is required, Defendants respond as follows: these Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

ANSWER TO SAC
5:21-CV-07372

545870.1

18.     Paragraph 18 is an introductory paragraph, to which no response is required. To the extent a response is required, Defendants respond as follows: deny.

19.     Paragraph 19 is an introductory paragraph, to which no response is required. To the extent a response is required, Defendants respond as follows: these Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

20.     Paragraph 20 is an introductory paragraph, to which no response is required. To the extent a response is required, Defendants respond as follows: these Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

21.     Paragraph 21 is an introductory paragraph, to which no response is required. To the extent a response is required, Defendants respond as follows: these Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

22.     Paragraph 22 is an introductory paragraph, to which no response is required. To the extent a response is required, Defendants respond as follows: these Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

23.     Paragraph 23 is an introductory paragraph, to which no response is required. To the extent a response is required, Defendants respond as follows: Defendants admit the search warrant authorized certain property to be searched, including: "[a]ll buildings on the property, and/or the curtilage of the property known as Hen Harbor at 7331 West Zayante Road in Felton, California, 95017 where animals may be located as well as articles of personal property tending to establish the identity of the person in control of the premises, attics, and basements." In answer

ANSWER TO SAC
5:21-CV-07372

545870.1

1    to all remaining allegations to Paragraph 23 of the second amended complaint, these Defendants

2    have insufficient information or belief to enable them to answer said allegations, and for that

3    reason and basing their denial on that ground, deny both generally and specifically, each and

4    every, all and singular, the allegations contained therein.

5         24.    Paragraph 24 is an introductory paragraph, to which no response is required. To

6    the extent a response is required, Defendants respond as follows: these Defendants have

7    insufficient information or belief to enable them to answer said allegations, and for that reason

8    and basing their denial on that ground, deny both generally and specifically, each and every, all

9    and singular, the allegations contained therein.

10         25.    Paragraph 25 is an introductory paragraph, to which no response is required. To

11    the extent a response is required, Defendants respond as follows: Defendants admit they are not

12    the Santa Cruz County District Attorney's Office, and therefore do not possess the legal authority

13    to decide whether to bring charges against Ms. Huemer (or the power to prosecute her). In answer

14    to all remaining allegations of Paragraph 25 of the second amended complaint, deny.

15         26.    Paragraph 26 is an introductory paragraph, to which no response is required. To

16    the extent a response is required, Defendants respond as follows: these Defendants have

17    insufficient information or belief to enable them to answer said allegations, and for that reason

18    and basing their denial on that ground, deny both generally and specifically, each and every, all

19    and singular, the allegations contained therein.

20         27.    Paragraph 27 is an introductory paragraph, to which no response is required. To

21    the extent a response is required, Defendants respond as follows: these Defendants have

22    insufficient information or belief to enable them to answer said allegations, and for that reason

23    and basing their denial on that ground, deny both generally and specifically, each and every, all

24    and singular, the allegations contained therein.

25         28.    Paragraph 28 is an introductory paragraph, to which no response is required. To

26    the extent a response is required, Defendants respond as follows: these Defendants have

27    insufficient information or belief to enable them to answer said allegations, and for that reason

28    and basing their denial on that ground, deny both generally and specifically, each and every, all

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

ANSWER TO SAC
5:21-CV-07372

545870.1

1    and singular, the allegations contained therein.

2        **IV.    FACTS**

3        29.    In answer to Paragraph 29, these Defendants have insufficient information or

4    belief to enable them to answer said allegations, and for that reason and basing their denial on that

5    ground, deny both generally and specifically, each and every, all and singular, the allegations

6    contained therein.

7        30.    In answer to Paragraph 30, these Defendants have insufficient information or

8    belief to enable them to answer said allegations, and for that reason and basing their denial on that

9    ground, deny both generally and specifically, each and every, all and singular, the allegations

10   contained therein.

11       31.    In answer to Paragraph 31, these Defendants have insufficient information or

12   belief to enable them to answer said allegations, and for that reason and basing their denial on that

13   ground, deny both generally and specifically, each and every, all and singular, the allegations

14   contained therein.

15       32.    In answer to Paragraph 32, these Defendants have insufficient information or

16   belief to enable them to answer said allegations, and for that reason and basing their denial on that

17   ground, deny both generally and specifically, each and every, all and singular, the allegations

18   contained therein.

19       33.    In answer to Paragraph 33, these Defendants have insufficient information or

20   belief to enable them to answer said allegations, and for that reason and basing their denial on that

21   ground, deny both generally and specifically, each and every, all and singular, the allegations

22   contained therein.

23       34.    In answer to Paragraph 34, Defendants deny that Santa Cruz County Animal

24   Shelter did not adequately perform its functions as a steward and shelter for animals. In answer to

25   all remaining allegations of Paragraph 34 of the second amended complaint, these Defendants

26   have insufficient information or belief to enable them to answer said allegations, and for that

27   reason and basing their denial on that ground, deny both generally and specifically, each and

28   every, all and singular, the allegations contained therein.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

ANSWER TO SAC
5:21-CV-07372

545870.1

35.     In answer to Paragraph 35, these Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

36.     In answer to Paragraph 36, these Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

37.     In answer to Paragraph 37, Defendants deny that Santa Cruz County Animal Shelter has a policy of frequently killing high-risk birds. In answer to all remaining allegations of Paragraph 37 of the second amended complaint, these Defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

38.     In answer to Paragraph 38, these Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

39.     In answer to Paragraph 39, these Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

40.     In answer to Paragraph 40, these Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein

41.     In answer to Paragraph 41, beginning and ending with "Defendants' ongoing animus against Ms. Huemer and Hen Harbor is partly based on her vocally opposing its anti-

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

ANSWER TO SAC
5:21-CV-07372

545870.1

rooster policy and her rallying opposition. Hence, Defendants were motivated to remove, silence, or intimidate Ms. Huemer so that Defendants could more easily implement said policies," deny.

In answer to all remaining allegations of Paragraph 41 of the second amended complaint, these Defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

42.    In answer to Paragraph 42, these Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

43.    In answer to Paragraph 43, these Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

44.    In answer to Paragraph 44, deny.

45.    In answer to Paragraph 45, these Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

46.    In answer to Paragraph 46, these Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

47.    In answer to Paragraph 47, these Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

48.    In answer to the first sentence of Paragraph 48, these Defendants have insufficient

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

ANSWER TO SAC
5:21-CV-07372

545870.1

1    information or belief to enable them to answer said allegations, and for that reason and basing

2    their denial on that ground, deny both generally and specifically, each and every, all and singular,

3    the allegations contained therein. In answer to the second sentence of Paragraph 48, admit that

4    around 2017 Defendant Stosuy went to Hen Harbor to investigate after receiving a complaint

5    about chickens and goats. In answer to the third sentence of Paragraph 48, admit that Stosuy

6    investigated said complaint and it was deemed unfounded.

7         In answer to all remaining allegations in Paragraph 48 of the second amended complaint,

8    these Defendants have insufficient information or belief to enable them to answer said

9    allegations, and for that reason and basing their denial on that ground, deny both generally and

10   specifically, each and every, all and singular, the allegations contained therein.

11        49.    In answer to Paragraph 49, these Defendants have insufficient information or

12   belief to enable them to answer said allegations, and for that reason and basing their denial on that

13   ground, deny both generally and specifically, each and every, all and singular, the allegations

14   contained therein.

15        50.    In answer to Paragraph 50, Defendants admit on September 9, 2020, Defendant

16   Stosuy received an email complaint about chickens at Hen Harbor. Defendants also admit

17   Defendant Stosuy shared said email with Defendant Montes. In answer to all remaining

18   allegations in Paragraph 50 of the second amended complaint, these Defendants have insufficient

19   information or belief to enable them to answer said allegations, and for that reason and basing

20   their denial on that ground, deny both generally and specifically, each and every, all and singular,

21   the allegations contained therein.

22        51.    In answer to Paragraph 51, Defendants admit that various persons submitted

23   statements to Defendant Montes regarding: evacuation from Hen Harbor, conditions at Hen

24   Harbor, the creatures at Hen Harbor, and/or Ms. Huemer's conduct/behavior.  In answer to the

25   remaining allegations in Paragraph 51 of the second amended complaint, Defendants have

26   insufficient information or belief to enable them to answer said allegations, and for that reason

27   and basing their denial on that ground, deny both generally and specifically, each and every, all

28   and singular, the allegations contained therein.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

ANSWER TO SAC
5:21-CV-07372

52.     In answer to Paragraph 52, Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

53.     In answer to Paragraph 53, Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

54.     In answer to Paragraph 54, Defendants admit on September 21, 2020, Defendant Montes obtained a warrant for Hen Harbor. In answer to all remaining allegations in Paragraph 54 of the second amended complaint, deny.

55.     In answer to Paragraph 55, deny.

56.     In answer to Paragraph 56:

- In answer to Paragraph 56(a)-(h), Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

- In answer to Paragraph 56(i)-(j), deny.

57.     In answer to Paragraph 57, deny.

58.     In answer to Paragraph 58, Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

59.     In answer to Paragraph 59, deny.

60.     In answer to Paragraph 60, Defendants deny that the property Defendants sought to seize was extraordinarily broad or went beyond evidence of a crime (e.g., neglected or abused animals).

In answer to Paragraph 60 of the second amended complaint, Defendants admit the

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

545870.1

warrant included the following places/property/persons/things to search and/or seize: (a) all animals on the Hen Harbor property; (b) any fowl coop, crate, cage, flight pen, barn, garage, storage units, enclosures, water bowls, food bowls, feeding containers; (c)  computers and cell phones; (d)  veterinary records and animal medications; and (e) vehicle(s) in Ms. Huemer's custody or control.

In answer to the remaining allegations in Paragraph 60 of the second amended complaint, Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

61.     In answer to Paragraph 61, deny.

62.     In answer to Paragraph 62, deny.

63.     In answer to Paragraph 63, Defendants admit that on September 21, 2020, Defendants Stosuy and Montes entered Hen Harbor along with other persons. In answer to all remaining allegations in Paragraph 63 of the second amended complaint, deny.

64.     In answer to Paragraph 64, Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

65.     In answer to Paragraph 65, Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

66.     In answer to Paragraph 66, Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

67.     In answer to Paragraph 67, Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground,

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

545870.1

deny both generally and specifically, each and every, all and singular, the allegations contained therein.

68.     In answer to Paragraph 68, Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

69.     In answer to Paragraph 69, Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

70.     In answer to Paragraph 70, Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

71.     In answer to Paragraph 71, deny.

72.     In answer to Paragraph 72, Defendants admit that one or more Santa Cruz County Animal Shelter employee(s) entered and searched Ms. Huemer's personal residence at Hen Harbor, doing so pursuant to a valid search warrant. Defendants admit Santa Cruz County Animal Shelter personnel seized veterinary records, medicine, supplies, three laptop computers, one desktop computer, cameras, and a jacket. In answer to the remaining allegations in Paragraph 72 of the second amended complaint, Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

73.     In answer to Paragraph 73, Defendants admit that the "Notice of Seizure of Animals," dated September 21, 2020, identified the following animals seized in the first seizure: "hens, roosters, goose, turkeys, 2 goats,  ducks. Total of 240 fowl of various breeds." In answer to all remaining allegations in Paragraph 73 of the second amended complaint, these Defendants have insufficient information or belief to enable them to answer said allegations, and for that

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

ANSWER TO SAC
5:21-CV-07372

545870.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

74.    In answer to Paragraph 74, Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

75.    In answer to Paragraph 75, Defendants admit that Santa Cruz County Animal Shelter employees did not seize all the animals at Hen Harbor. In answer to the remaining allegations in Paragraph 75, Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

76.    In answer to Paragraph 76, Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

77.    In answer to Paragraph 77, Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

78.    Paragraph 78 contains no allegations therefore no response is required. To the extent a response is required, Defendants respond as follows: deny.

79.    In answer to Paragraph 79, Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

80.    In answer to Paragraph 80, Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained

545870.1

therein.

81.     In answer to the first sentence of Paragraph 81, Defendants admits that, in a three-paragraph writing by Dr. Gleason describing the conditions at Hen Harbor and/or the chickens therein, one sentence of the writing contained the out-of-context language: "as a rescue and sanctuary organization, there is a higher proportion of animals with medical or behavioral needs."

In answer to the second sentence of Paragraph 81 of the second amended complaint, Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

In answer to the remaining allegations in Paragraph 81 of the second amended complaint, Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

82.     In answer to Paragraph 82, Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

83.     In answer to the first sentence of Paragraph 83, Defendants admit: (1) that Defendant Montes obtained a second search warrant on October 1, 2020; (2) that the second warrant did not contain any reference to drug paraphernalia; (3) that the portion of the warrant titled "You are Therefore COMMANDED to SEARCH" is roughly the same on the two warrants; and (4) that the portion of the warrant titled "For the FOLLOWING PROPERTY, THING(S), or PERSON(S)" is roughly the same on the two warrants. In answer to the first sentence of Paragraph 83, Defendants further admit that: (1) Addendum 1 -- Dominion and Control (Indicia of Ownership) is roughly the same on the two warrants; (2) Addendum 2 is roughly the same on the two warrants; (3) Addendum 3 is roughly the same on the two warrants; and that (4) Addendum 5 on the first warrant is roughly the same as Addendum 4 on the second warrant. In answer to the remaining allegations of the first sentence of Paragraph 83 of the second amended

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

545870.1

complaint, Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

In answer to the remaining allegations of Paragraph 83, deny.

- In answer to Paragraph 83(a), deny.
- In answer to Paragraph 83(b)-(e), Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein
- In answer to Paragraph 83(f), Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein
- In answer to Paragraph 83(g)-(h), deny.
- In answer to Paragraph 83(i), Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.
- In answer to Paragraph 83(j), Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.
- In answer to Paragraph 83(k), deny.

84.    In answer to Paragraph 84, deny.

85.    In answer to Paragraph 85, Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

ANSWER TO SAC
5:21-CV-07372

545870.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

86.     In answer to Paragraph 86, Defendants admit Defendants Montes, Stosuy and other Santa Cruz County Shelter employees went to Hen Harbor on October 2, 2020. In answer to the remaining allegations in Paragraph 86 of the second amended complaint, Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

87.     In answer to Paragraph 87, Defendants have insufficient information or belief to enable them to answer the allegation in Paragraph 87 of the second amended complaint, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

88.     In answer to Paragraph 88, Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

89.     In answer to the first sentence of Paragraph 89, admit. In answer to the second sentence of Paragraph 89 of the second amended complaint, Defendants admit that after the first seizure hearing -- where only Plaintiff was represented by counsel -- the hearing officer's order contains the language "Ms. Huemer can and will provide the necessary care of the animals." In answer to the second sentence of Paragraph 89 of the second amended complaint, Defendants admit that after the second seizure hearing -- where only Plaintiff was represented by counsel -- the hearing officer's order contains the language "Ms. Huemer is currently capable and willing to care for the animals."

90.     In answer to the first sentence of Paragraph 90, deny. In answer to the second and third sentences of Paragraph 90, Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

91.     In answer to Paragraph 91, Defendants admit that in orders dated October 12, 2020 and October 19, 2020, the judicial officer ordered, in pertinent part: "the animals be returned to

545870.1

Ms. Huemer as soon as is practicable." In answer to the remaining allegations in Paragraph 91 of the second amended complaint, deny.

92.     In answer to Paragraph 92, deny.

93.     In answer to Paragraph 93, deny.

94.     In answer to the first and second sentences of Paragraph 94 of the second amended complaint, deny. In answer to the third sentence of Paragraph 94 of the second amended complaint, Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein. In answer to the fourth sentence of Paragraph 94 of the second amended complaint, deny.

95.     In answer to Paragraph 95, deny.

96.     In answer to Paragraph 96, Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

97.     In answer to Paragraph 97, Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

98.     In answer to Paragraph 98, Defendants admit that Plaintiff's counsel Jerold Friedman emailed a letter to Defendants Sobel and Stosuy dated September 25, 2022. Defendants admit that September 25th letter from Mr. Friedman listed the medical needs and/or treatment for various chickens seized. Defendants further admit that September 25th letter from Mr. Friedman demanded the return of all seized animals. In answer to the remaining allegations in Paragraph 98 of the second amended complaint, Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

99.     In answer to Paragraph 99, Defendants admit that on September 30, 2020, one of

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

ANSWER TO SAC
5:21-CV-07372

545870.1

Plaintiffs' lawyers (Christine Kelly) emailed Stosuy various PDFs, including a 546-page document titled "vet care packet FINAL." In answer to the remaining allegations of Paragraph 99 of the second amended complaint, Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

100.    In answer to Paragraph 100, Defendants admit that on October 9, 2020, Plaintiff's counsel Jerold Friedman emailed, *inter alia*, Mr. Stosuy and Ms. Sobel. That email contained three PDFs, titled: (1) "Birds who need medication_(2);" (2) "vet records 2018 all-compressed;" and (3) "1020-2 to Stosuy." Defendants admit the PDF labeled "vet records 2018 all-compressed" consisted of 488 pages. In response to all remaining allegations in Paragraph 100 of the second amended complaint, Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

101.    In answer to Paragraph 101, Defendants admit they seized sick birds from Hen Harbor. In answer to the remaining allegations in Paragraph 101 of the second amended complaint, Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

102.    In answer to Paragraph 102, Defendants admit that Wes Sperling obtained a turkey, that Ms. Huemer requested return of the turkey, and that the turkey is deceased. In answer to the remaining allegations in Paragraph 102 of the second amended complaint, Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

103.    In answer to Paragraph 103, Defendants admit, on October 17, 2020, they returned animals to Ms. Huemer, pursuant to administrative order. In answer to the remaining allegations in Paragraph 103 of the second amended complaint, Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

545870.1

ANSWER TO SAC
5:21-CV-07372

1   ground, deny both generally and specifically, each and every, all and singular, the allegations

2   contained therein.

3       104.    In answer to Paragraph 104, Defendants admit Defendant Montes sent Ms.

4   Huemer a letter dated October 14, 2020, regarding costs for the seizure and care of some animals.

5   In answer to the remaining allegations in Paragraph 104 of the second amended complaint,

6   Defendants have insufficient information or belief to enable them to answer said allegations, and

7   for that reason and basing their denial on that ground, deny both generally and specifically, each

8   and every, all and singular, the allegations contained therein.

9       105.    In answer to Paragraph 105, Defendants admit $60 was apportioned to veterinary

10   costs in the letter dated October 14, 2020. In answer to the remaining allegations in Paragraph

11   105 of the second amended complaint, deny.

12       106.    In answer to Paragraph 106, Defendants admit that an October 19, 2020 report to

13   the Santa Cruz County Animal Shelter Board of Directors, titled "Reports from the Management

14   Team for the Month of August/September 2020," contained the following two sentences: "[w]e

15   also served two separate search warrants at a Chicken Sanctuary in Felton and seized 320 birds

16   (chickens, turkeys, and geese) and two goats. This case is still under investigation, but we will be

17   requesting numerous charges through the DA's Office." In answer to the remaining allegations in

18   Paragraph 106 of the second amended complaint, Defendants have insufficient information or

19   belief to enable them to answer said allegations, and for that reason and basing their denial on that

20   ground, deny both generally and specifically, each and every, all and singular, the allegations

21   contained therein.

22       107.    In answer to Paragraph 107, admit that the above-referenced October 19, 2020

23   report to the Santa Cruz County Animal Shelter Board of Directors, (see Paragraph 106) is

24   contained within the Agenda for the October 19, 2020 Board of Directors meeting that is posted

25   on the Santa Cruz County Animal Shelter website.

26       In answer to the remaining allegations in Paragraph 107 of the second amended

27   complaint, Defendants have insufficient information or belief to enable them to answer said

28   allegations, and for that reason and basing their denial on that ground, deny both generally and

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

20

545870.1

1  specifically, each and every, all and singular, the allegations contained therein.

2      108.    In answer to Paragraph 108, Defendants admit Ms. Huemer's computers were

3  returned in November 2020. In answer to the remaining allegations in Paragraph 108 of the

4  second amended complaint, deny.

5                    **V.  CAUSES OF ACTION**

6      109.    In answer to Paragraph 109, Defendants incorporate by reference their answers to

7  Paragraphs 1-108.

8                    **FIRST CAUSE OF ACTION**

9          **Retaliation — First Amendment / 42 U.S.C. § 1983**

10      **(Plaintiffs and Against All Individual Defendants, including Doe Defendants)**

11     110.    In answer to Paragraph 110, deny.

12     111.    In answer to Paragraph 111, deny.

13     112.    In answer to Paragraph 112, deny.

14     113.    In answer to Paragraph 113, deny.

15     114.    In answer to Paragraph 114, deny.

16                    **SECOND CAUSE OF ACTION**

17      **Unreasonable Seizure — Fourth Amendment / 42 U.S.C. § 1983**

18      **(Plaintiffs and Against All Individual Defendants, including Doe Defendants)**

19     115.    In answer to Paragraph 115, deny.

20     116.    In answer to Paragraph 116, Defendants have insufficient information or belief to

21  enable them to answer said allegations, and for that reason and basing their denial on that ground,

22  deny both generally and specifically, each and every, all and singular, the allegations contained

23  therein.

24     117.    In answer to Paragraph 117, deny.

25     118.    In answer to Paragraph 118, deny.

26  / / /

27  / / /

28  / / /

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

21

545870.1

**THIRD CAUSE OF ACTION**

**Deprivation of Property without Procedural Due Process —**

**Fourteenth Amendment / 42 U.S.C. § 1983**

**(Plaintiffs and Against All Individual Defendants, including Doe Defendants)**

119.     In answer to Paragraph 119, deny.

120.     In answer to Paragraph 120, Defendants admit that California Penal Code § 597.1 was one of the statutory bases referenced in the warrant(s) to seize the animals. In answer to the remaining allegations in Paragraph 120 of the second amended complaint, Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

121.     Paragraph 121 is a statement on Plaintiffs' interpretation of the law, to which no response is required. To the extent a response is deemed required, Defendants respond as follows: deny.

122.     In answer to Paragraph 122, Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

123.     In answer to Paragraph 123, Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

124.     In answer to Paragraph 124, Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

125.     In answer to Paragraph 125, deny.

/ / /

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

ANSWER TO SAC
5:21-CV-07372

545870.1

1

2

**FOURTH CAUSE OF ACTION**

**Monell Liability / 42 U.S.C. § 1983 (Plaintiffs Against County Agency)**

3    126.    In answer to Paragraph 126, the *Monell* cause of action has been dismissed with

4 prejudice per the Court's October 11, 2022 Order (Doc. 40). To the extent a response is required,

5 deny.

6    127.    In answer to Paragraph 127, the *Monell* cause of action has been dismissed with

7 prejudice per the Court's October 11, 2022 Order (Doc. 40). To the extent a response is required,

8 deny.

9        • In answer to Paragraph 127(a), the *Monell* cause of action has been dismissed with

10          prejudice per the Court's October 11, 2022 Order (Doc. 40). To the extent a

11          response is required, deny.

12       • In answer to Paragraph 127(b), the *Monell* cause of action has been dismissed with

13          prejudice per the Court's October 11, 2022 Order (Doc. 40). To the extent a

14          response is required, deny.

15       • In answer to Paragraph 127(c), the *Monell* cause of action has been dismissed with

16          prejudice per the Court's October 11, 2022 Order (Doc. 40). To the extent a

17          response is required, deny.

18       • In answer to Paragraph 127(d), the *Monell* cause of action has been dismissed with

19          prejudice per the Court's October 11, 2022 Order (Doc. 40). To the extent a

20          response is required, deny.

21       • In answer to Paragraph 127(e), the *Monell* cause of action has been dismissed with

22          prejudice per the Court's October 11, 2022 Order (Doc. 40). To the extent a

23          response is required, deny.

24    128.    In answer to Paragraph 128, the *Monell* cause of action has been dismissed with

25 prejudice per the Court's October 11, 2022 Order (Doc. 40). To the extent a response is required,

26 deny.

27    129.    In answer to Paragraph 129, the *Monell* cause of action has been dismissed with

28 prejudice per the Court's October 11, 2022 Order (Doc. 40). To the extent a response is required,

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

ANSWER TO SAC
5:21-CV-07372

545870.1

deny.

130.    In answer to Paragraph 130, the *Monell* cause of action has been dismissed with prejudice per the Court's October 11, 2022 Order (Doc. 40). To the extent a response is required, deny.

131.    In answer to Paragraph 131, the *Monell* cause of action has been dismissed with prejudice per the Court's October 11, 2022 Order (Doc. 40). To the extent a response is required, deny.

132.    In answer to Paragraph 132, the *Monell* cause of action has been dismissed with prejudice per the Court's October 11, 2022 Order (Doc. 40). To the extent a response is required, deny.

- In answer to Paragraph 132(a), the *Monell* cause of action has been dismissed with prejudice per the Court's October 11, 2022 Order (Doc. 40). To the extent a response is required, deny.

- In answer to Paragraph 132(b), the *Monell* cause of action has been dismissed with prejudice per the Court's October 11, 2022 Order (Doc. 40). To the extent a response is required, deny.

- In answer to Paragraph 132(c), the *Monell* cause of action has been dismissed with prejudice per the Court's October 11, 2022 Order (Doc. 40). To the extent a response is required, deny.

- In answer to Paragraph 132(d), the *Monell* cause of action has been dismissed with prejudice per the Court's October 11, 2022 Order (Doc. 40). To the extent a response is required, deny.

- In answer to Paragraph 132(e), the *Monell* cause of action has been dismissed with prejudice per the Court's October 11, 2022 Order (Doc. 40). To the extent a response is required, deny.

- In answer to Paragraph 132(f), the *Monell* cause of action has been dismissed with prejudice per the Court's October 11, 2022 Order (Doc. 40). To the extent a response is required, deny.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

- In answer to Paragraph 132(g), the *Monell* cause of action has been dismissed with prejudice per the Court's October 11, 2022 Order (Doc. 40). To the extent a response is required, deny.

- In answer to Paragraph 132(h), the *Monell* cause of action has been dismissed with prejudice per the Court's October 11, 2022 Order (Doc. 40). To the extent a response is required, deny.

- In answer to Paragraph 132(i), the *Monell* cause of action has been dismissed with prejudice per the Court's October 11, 2022 Order (Doc. 40). To the extent a response is required, deny.

- In answer to Paragraph 132(j), the *Monell* cause of action has been dismissed with prejudice per the Court's October 11, 2022 Order (Doc. 40). To the extent a response is required, deny.

- In answer to Paragraph 132(k), the *Monell* cause of action has been dismissed with prejudice per the Court's October 11, 2022 Order (Doc. 40). To the extent a response is required, deny.

- In answer to Paragraph 132(l), the *Monell* cause of action has been dismissed with prejudice per the Court's October 11, 2022 Order (Doc. 40). To the extent a response is required, deny.

- In answer to Paragraph 132(m), the *Monell* cause of action has been dismissed with prejudice per the Court's October 11, 2022 Order (Doc. 40). To the extent a response is required, deny.

- In answer to Paragraph 132(n), the *Monell* cause of action has been dismissed with prejudice per the Court's October 11, 2022 Order (Doc. 40). To the extent a response is required, deny.

- In answer to Paragraph 132(o), the *Monell* cause of action has been dismissed with prejudice per the Court's October 11, 2022 Order (Doc. 40). To the extent a response is required, deny.

- In answer to Paragraph 132(p), the *Monell* cause of action has been dismissed with

545870.1

prejudice per the Court's October 11, 2022 Order (Doc. 40). To the extent a response is required, deny.

- In answer to Paragraph 132(q), the *Monell* cause of action has been dismissed with prejudice per the Court's October 11, 2022 Order (Doc. 40). To the extent a response is required, deny.

- In answer to Paragraph 132(r), the *Monell* cause of action has been dismissed with prejudice per the Court's October 11, 2022 Order (Doc. 40). To the extent a response is required, deny.

- In answer to Paragraph 132(s), the *Monell* cause of action has been dismissed with prejudice per the Court's October 11, 2022 Order (Doc. 40). To the extent a response is required, deny.

- In answer to Paragraph 132(t), the *Monell* cause of action has been dismissed with prejudice per the Court's October 11, 2022 Order (Doc. 40). To the extent a response is required, deny.

- In answer to Paragraph 132(u), the *Monell* cause of action has been dismissed with prejudice per the Court's October 11, 2022 Order (Doc. 40). To the extent a response is required, deny.

- In answer to Paragraph 132(v), the *Monell* cause of action has been dismissed with prejudice per the Court's October 11, 2022 Order (Doc. 40). To the extent a response is required, deny.

133.     In answer to Paragraph 133, the *Monell* cause of action has been dismissed with prejudice per the Court's October 11, 2022 Order (Doc. 40). To the extent a response is required, deny.

134.     In answer to Paragraph 134, the *Monell* cause of action has been dismissed with prejudice per the Court's October 11, 2022 Order (Doc. 40). To the extent a response is required, deny.

135.     In answer to Paragraph 135, the *Monell* cause of action has been dismissed with prejudice per the Court's October 11, 2022 Order (Doc. 40). To the extent a response is required,

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

ANSWER TO SAC
5:21-CV-07372

545870.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

1  deny.

2  136.   In answer to Paragraph 136, the *Monell* cause of action has been dismissed with

3  prejudice per the Court's October 11, 2022 Order (Doc. 40). To the extent a response is required,

4  deny.

5  137.   In answer to Paragraph 137, the *Monell* cause of action has been dismissed with

6  prejudice per the Court's October 11, 2022 Order (Doc. 40). To the extent a response is required,

7  deny.

8  138.   In answer to Paragraph 138, the *Monell* cause of action has been dismissed with

9  prejudice per the Court's October 11, 2022 Order (Doc. 40). To the extent a response is required,

10  deny.

11  139.   In answer to Paragraph 139, the *Monell* cause of action has been dismissed with

12  prejudice per the Court's October 11, 2022 Order (Doc. 40). To the extent a response is required,

13  deny.

**FIFTH FIRST CASUE OF ACTION**

**Bane Act — Cal. Civ. Code § 52.1**

**(Plaintiffs and Against All Defendants, Including Doe Defendants)**

17  140.   Paragraph 140 is a statement on Plaintiffs' interpretation of the law, to which no

18  response is required. To the extent a response is deemed required, Defendants respond as follows:

19  Defendants have insufficient information or belief to enable them to answer said allegations, and

20  for that reason and basing their denial on that ground, deny both generally and specifically, each

21  and every, all and singular, the allegations contained therein.

22  141.   In answer to Paragraph 141, with respect to Defendants, deny. In answer to

23  Paragraph 141, with respect to DOE defendants, Defendants have insufficient information or

24  belief to enable them to answer said allegations, and for that reason and basing their denial on that

25  ground, deny both generally and specifically, each and every, all and singular, the allegations

26  contained therein.

27  142.   In answer to Paragraph 142, deny.

28  143.   In answer to Paragraph 143, deny.

ANSWER TO SAC
5:21-CV-07372

545870.1

1

**SIXTH CAUSE OF ACTION**

2

**Conversion/Intentional Misconduct Depriving Plaintiffs of Property**

3

**(By All Plaintiffs and Against All Defendants, Including Doe Defendants)**

4      144.     In answer to Paragraph 144, Defendants have insufficient information or belief to

5 enable them to answer said allegations, and for that reason and basing their denial on that ground,

6 deny both generally and specifically, each and every, all and singular, the allegations contained

7 therein.

8      145.     In answer to Paragraph 145, deny.

9      146.     Paragraph 146 is a statement on Plaintiffs' interpretation of the law, to which no

10 response is required. To the extent a response is deemed required, Defendants respond as follows:

11 Defendants have insufficient information or belief to enable them to answer said allegations, and

12 for that reason and basing their denial on that ground, deny both generally and specifically, each

13 and every, all and singular, the allegations contained therein.

14      147.     In answer to Paragraph 147, deny.

15

**SEVENTH CAUSE OF ACTION**

16

**Trespass to Land**

17

**(Plaintiffs Against Doe#1)**

18      148.     In answer to Paragraph 148, Defendants have insufficient information or belief to

19 enable them to answer said allegations, and for that reason and basing their denial on that ground,

20 deny both generally and specifically, each and every, all and singular, the allegations contained

21 therein.

22      149.     In answer to Paragraph 149, deny.

23 **VI.    DAMAGES**

24      150.     In answer to Paragraph 150, deny.

25      151.     In answer to Paragraph 151, deny.

26      152.     In answer to Paragraph 152, deny.

27 **VII.   REQUEST FOR RELIEF**

28      In response to Plaintiffs' request for relief, Defendants pray that Plaintiffs take nothing by

**ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP**
180 Montgomery Street, Suite 1200
San Francisco, California 94104

ANSWER TO SAC
5:21-CV-07372

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

1  way of the complaint on file herein and that Defendant have judgment for costs, attorneys' fees

2  and for such other and further relief as the court deems proper.

3  **VIII.  JURY DEMAND**

4  153.   Defendants likewise respectfully demand a jury trial.

5  **AFFIRMATIVE DEFENSES**

6  FIRST AFFIRMATIVE DEFENSE

7  AS AND FOR A FIRST, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS

8  ALLEGE:

9  Plaintiff's operative Second Amended Complaint alleges three constitutional violations:

10  (1) First Amendment retaliation under 42 U.S.C. § 1983; (2) Fourth Amendment unlawful seizure

11  under 42 U.S.C. § 1983; and (3) Fourteenth Amendment procedural due process under 42 U.S.C.

12  § 1983. (Dkt. No. 35, ¶¶ 110-125). All three constitutional violations are alleged by both plaintiffs

13  (Ariana Huemer and Eeyore's Hen Harbor) against the three individual defendants (Melanie

14  Sobel, Todd Stosuy, and Carlos Montes). (*Ibid.*)

15  Sobel, Stosuy, and Montes are immune from the three 42 U.S.C. § 1983 claims pursuant

16  to the doctrine of qualified immunity. See *White v. Pauly*, 137 S. Ct. 548 (2017), *Ashcroft v. al-*

17  *Kidd*, 563 U.S. 731 (2011) and *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). Qualified immunity is

18  a legal defense. Under it, public officials are shielded from liability for civil damages unless: "(1)

19  that the official violated a statutory or constitutional rights, and (2) that the right was "clearly

20  established" at the time of the challenged conduct. *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080

21  (2011) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).) A right is clearly established if, at

22  the time of the challenged conduct, "**every** reasonable official would have understood that what

23  he is doing violates that right." *Ashcroft*, *supra*, 2083 (emphasis added) (internal citations and

24  quotations omitted). Put another way: "[t]he precedent must be clear enough that every

25  reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply.

26  Otherwise, the rule is not one that every reasonable official would know." *D.C. v. Wesby*, 138 S.

27  Ct. 577, 590 (2018) (internal quotation and citation omitted).

28  In determining whether a right was clearly established, courts should not define the law

29

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

1  at a high level of generality. *Ashcroft, supra,* at 2084. "The general proposition, for example, that

2  an unreasonable search or seizure violates the Fourth Amendment is of little help in determining

3  whether the violative nature of particular conduct is clearly established." *Ibid.*

4      The Supreme Court has reiterated the importance of factually similar scenarios when

5  deciding qualified immunity. *White, supra*, at 552 (2017) (granting qualified immunity, the Court

6  found the Tenth Circuit "failed to identify a case where an officer acting under similar

7  circumstances … was held to have violated the Fourth Amendment.")

8      Sobel, Stosuy, and Montes are entitled to qualified immunity on Plaintiffs' three

9  constitutional claims because, at all times mentioned in the Complaint, all three of them acted in

10 good faith. No reasonable official in their position(s) would believe that their conduct was

11 unlawful or violated clearly established rights, including Plaintiffs' regarding First Amendment

12 retaliation, Fourth Amendment seizure, and Fourteenth Amendment procedural due process. *E.g.*,

13 there was no animus towards Plaintiff, Plaintiffs' animals were not seized in retaliation for

14 Plaintiffs' past conduct, both seizures occurred pursuant to lawful warrant, and a district attorney

15 reviewed each warrant before they were submitted to a judge.

16                              SECOND AFFIRMATIVE DEFENSE

17      AS AND FOR A SECOND, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS

18 ALLEGE:

19      These answering defendants are immune from liability from Plaintiffs' five state-law

20 causes of action -- Bane Act (Civ. Code § 52.1); conversion; and trespass to land; conversion

21 (Dkt. No. 35, ¶¶ 140-149) -- pursuant to the provisions of §§ 815.2, 820.2, 820.4, 821.6, and/or

22 262.1 of the Government Code of the State of California.

23      Sobel, Stosuy, and Montes are entitled to immunity under Government Code § 820.2

24 because, at all times mentioned in the Complaint, all three of them exercised discretion in the

25 course of their employment. The decision(s) to seize Plaintiffs' animals is discretionary conduct

26 under Section 820.2.

27      Sobel, Stosuy, and Montes are entitled to immunity under Government Code § 820.4

28 because, at all times mentioned in the Complaint, all three of them were exercising due care in

1   executing or enforcing the law. *E.g.*, Penal Code § 597.1 as well as executing search warrants.

2       Sobel, Stosuy, and Montes are entitled to immunity under Government Code § 821.6

3   because, at all times mentioned in the Complaint, all three of them were engaged in instituting or

4   prosecuting any judicial or administrative proceeding within the scope of their employment. *E.g.*,

5   investigation into potential crimes (including Penal Code §§ 597 and 597.1), and executing search

6   warrants.

7       Sobel, Stosuy, and Montes are entitled to immunity under Government Code § 262.1

8   because, at all times mentioned in the Complaint, all three of them were engaged in the execution

9   of process and orders regular on their face and issued by competent authority. *I.e.*, executing the

10  search warrants.

11      Government Code § 815.2(b) immunizes the Santa Cruz County Animal Shelter where its

12  employees are immune.

13                          THIRD AFFIRMATIVE DEFENSE

14      AS AND FOR A THIRD, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS

15  ALLEGE:

16      Plaintiffs failed to mitigate their damages.

17                          FOURTH AFFIRMATIVE DEFENSE

18      AS AND FOR A FOURTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS

19  ALLEGE:

20      Defendants allege that plaintiffs failed to set forth the facts sufficient to state a cause of

21  action due to a failure to comply with claims requirements of the California Government Code §§

22  900 et. seq.

23                          FIFTH AFFIRMATIVE DEFENSE

24      AS AND FOR A FIFTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS

25  ALLEGE:

26      Should plaintiffs recover non-economic damages against any defendant, the liability for

27  non-economic damages is limited to the degree of fault and several liability of said defendant's

28

ANSWER TO SAC
5:21-CV-07372

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

545870.1

1   pursuant to Civil Code section 1431.2 and a separate, several judgment shall be rendered against

2   said defendants based upon said defendant's degree of fault and several liability.

3   <u>SIXTH AFFIRMATIVE DEFENSE</u>

4   AS AND FOR A SIXTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS

5   ALLEGE:

6   Plaintiffs' allegations arising out of the second seizure are barred by collateral estoppel

7   and/or res judicata. The hearing officer found probable cause for the second warrant. The hearing

8   officer specifically found that "a magistrate would have no difficulty in finding probable cause to

9   issue a search warrant. There were assertions of sick animals, quixotic interactions with the

10  owner, and less than ideal living conditions. Several of the affiants also testified at hearing and

11  corroborated what was provided in their statements. Since there was probable cause to issue the

12  search warrant, the seizure was, in turn, justified." (*Decision and Order*, dated October 19, 2020,

13  6:6-11). Plaintiffs were parties to that hearing on the second seizure.

14  <u>SEVENTH AFFIRMATIVE DEFENSE</u>

15  AS AND FOR A SEVENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS

16  ALLEGE:

17  Plaintiffs' causes of action are barred by unclean hands.

18  <u>EIGHTH AFFIRMATIVE DEFENSE</u>

19  AS AND FOR AN EIGHTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS

20  ALLEGE:

21  Defendants' alleged employee(s) mentioned in plaintiff's complaint were, at all times,

22  duly qualified, appointed and acting animal control officers of the County of Santa Cruz and in

23  accordance with the Constitution of the United States and the State of California and the laws of

24  the United States and the laws of the State of California; and at all times mentioned herein, said

25  officers were engaged in the performance of his/her regularly assigned duties within the scope of

26  his/her duties as animal control officers for the County of Santa Cruz.

27  / / /

28  / / /

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

ANSWER TO SAC
5:21-CV-07372

545870.1

1

WHEREFORE, defendants SANTA CRUZ COUNTY ANIMAL SHELTER, MELANIE

2

SOBEL, TODD STOSUY and CARLOS MONTES prays that Plaintiffs take nothing by way of

3

the complaint on file herein and that defendant has judgment for costs, attorneys' fees and for

4

such other and further relief as the court deems proper.

5

6

Respectfully submitted,

Dated:  November 16, 2022

7

ALLEN, GLAESSNER,
HAZELWOOD & WERTH, LLP

8

9

By:   */s/ Kevin P. Allen*
KEVIN P. ALLEN

10

MARIA NOZZOLINO
Attorneys for Defendants

11

SANTA CRUZ COUNTY ANIMAL
SHELTER, MELANIE SOBEL, TODD

12

STOSUY, and CARLOS MONTES

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP**
180 Montgomery Street, Suite 1200
San Francisco, California 94104

ANSWER TO SAC
5:21-CV-07372

545870.1